The defendant, Marcus Amos, appeals from the order denying his motion to withdraw his guilty pleas, arguing that he did not plead knowingly, intelligently, or voluntarily due to the ineffective assistance of his plea counsel. We affirm.
Background. In 2011, the defendant pleaded guilty to murder in the second degree and illegal possession of a firearm and of ammunition, in connection with the shooting death of the victim. At the time of his guilty pleas, the defendant signed a waiver of rights form, which he first reviewed with plea counsel. The plea judge conducted a thorough plea colloquy with the defendant before accepting his pleas.[2]
Five years later, the defendant moved to withdraw his guilty pleas alleging that his plea counsel made a number of errors in advising him to plead guilty. Specifically, the defendant claimed his counsel failed to advise him (1) that the Commonwealth had to prove he was guilty beyond a reasonable doubt, (2) on the defenses of self-defense and defense of another, and (3) on the defense of lack of criminal responsibility. The defendant also claimed that his youth and inexperience with the court system made him vulnerable to pressure to plead guilty. Based on the evidence before him, the motion judge denied the defendant's motion without an evidentiary hearing.
Here, we address only the defendant's claim of ineffective assistance as it relates to plea counsel's admitted failure to discuss with his client a defense of another strategy. As to the other issues raised in the defendant's motion, we agree with the conclusions reached by the motion judge, largely for the reasons set forth in his comprehensive and thoughtful memorandum of decision.
Discussion. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass.R.Crim.P. 30(b) [, as appearing in 435 Mass. 1501 (2001) ]." Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016), quoting from Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). "We review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion." Ibid. (quotation omitted). "A judge may make the ruling based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a 'substantial issue' that is supported by a 'substantial evidentiary showing.' " Ibid., quoting from Commonwealth v. Scott, 467 Mass. 336, 344 (2014).
To prevail on a motion to withdraw guilty pleas claiming ineffective assistance of counsel, a defendant must show that (1) the "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer," and (2) counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Millien, 474 Mass. 417, 430 (2016), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, we agree with the motion judge, who concluded that plea counsel was not ineffective because the evidence did not support a defense of another justification, and that rejecting the plea would not have been rational. See Commonwealth v. Clarke, 460 Mass. 30, 46, 47-49 (2011).
The defendant contends that he had an available, substantial ground of defense that in shooting the victim, he was defending his girl friend, Dana Schanke, who was the victim's former girl friend, from a possible deadly attack.[3] The defendant asserts that had he learned from his lawyer that the defense of another justification was an available defense, rather than pleading guilty to murder in the second degree, he would have opted for trial on the charge of murder in the first degree. The motion judge determined, and we agree, that plea counsel's lack of advice on this defense did not fall measurably below that expected of an ordinary fallible lawyer.
"In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Clarke, supra at 47, quoting from Hill v. Lockhart, 474 U.S. 52, 59 (1985). See Commonwealth v. Roberts, 472 Mass. 355, 365 (2015). Additionally, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Clarke, supra, quoting from Padilla v. Kentucky, 559 U.S. 356, 372 (2010). To satisfy that standard, the defendant bears the "substantial burden" to show that "(1) he had an available, substantial ground of defence that would have been pursued if he had been correctly advised ...; [or] (2) there is a reasonable probability that a different plea bargain ... could have been negotiated at the time." Id. at 47 (quotations omitted). Here, the defendant met neither requirement.
First, as the motion judge found, the defendant failed to demonstrate he had an available, substantial ground of defense. The Commonwealth's case was strong. The defendant acknowledged during the plea colloquy that he intentionally shot the victim three times, causing his death. Had the defendant proceeded to trial he faced a very real possibility of a conviction of murder in the first degree with no potential for parole.
The recording of the entire incident, which the motion judge reviewed and which we have before us, shows how the incident unfolded. While Schanke and the victim appear to be engaged in a somewhat intense, animated discussion, we see nothing in the recording indicating a threat to Schanke. She testified before the grand jury that the victim was not yelling at her and that he never threatened her during the encounter.[4] The defendant appears mostly to have stayed out of the conversation between Schanke and the victim. At one point, the defendant walks away and appears to lift up his shirt to reach for something, stopping when he notices a woman walking by with her dog. After this woman returns and walks back the other way, the defendant again walks away from the other two and appears to retrieve something from his waistband. He then walks back toward the victim and Schanke, and as the victim is removing his sweatshirt, the defendant shoots the victim who falls to the ground. Schanke is then seen trying to push the defendant away from the fallen victim, but the defendant, undeterred, manages to reach around Schanke and fire two more shots at the victim as he lay helpless on the ground.
The motion judge concluded, and we agree, that this unequivocal recorded evidence, combined with Schanke's anticipated testimony, completely undercuts a defense of another strategy. The defendant is correct that in making this assessment, we must view the circumstances from the perspective of the would-be intervening defendant, not the third party, and "whether the third party was, in retrospect, actually entitled to use self-defense is not a consideration." Commonwealth v. Young, 461 Mass. 198, 209 (2012). Nevertheless, the recorded evidence shows clearly that it was the defendant-not the victim-who introduced deadly force.[5] Therefore, plea counsel's failure to discuss this defense, while concerning,[6] was not a "serious incompetency." Clarke, supra.
Second, as the motion judge found, the defendant failed to show a reasonable probability of securing a more favorable plea bargain. The plea prosecutor recounts in her affidavit that the defendant's plea counsel lobbied her to reduce the murder charge to manslaughter. After consideration, the Commonwealth offered only to reduce the charge to murder in the second degree in exchange for the defendant's guilty plea. The motion judge found it unlikely that "this defendant [or] a rational person in the same circumstances would have declined the Commonwealth's offer." We agree, and therefore conclude that the motion judge committed no error of law, nor did he abuse his discretion in denying the defendant's motion to withdraw his guilty pleas.
Order denying motion to withdraw guilty pleas affirmed.

On the murder conviction, the defendant was sentenced to a life term with the possibility of parole in fifteen years. On the possession of a firearm conviction, he was sentenced to three to five years, concurrent with the sentence on the murder conviction. On the possession of ammunition conviction, he was sentenced to two years in a house of correction, concurrent with the other sentences.

"An actor is justified in using force against another to protect a third person when (a) a reasonable person in the actor's position would believe his intervention to be necessary for the protection of the third person, and (b) in the circumstances as that reasonable person would believe them to be, the third person would be justified in using such force to protect himself." Commonwealth v. Young, 461 Mass. 198, 208 (2012), quoting from Commonwealth v. Martin, 369 Mass. 640, 649 (1976).

Schanke did testify that the victim threatened the defendant, saying, "Do you know who I am. I'll kill you."

Police found by the victim's body an open knife with a two-and-one-half-inch blade. Forensic tests revealed traces of human blood on one side of the blade. There is no evidence that the victim held the knife at the time of the shooting.

We note that while, on these facts, plea counsel's failure to discuss with the defendant the defense of another justification did not constitute ineffective assistance, the better practice is for defense counsel to discuss with their clients all conceivable defenses, regardless of the likelihood of success, so that clients may make better informed plea decisions.